**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FELICIA BANKS, | **Civil Action No:**_____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| GENUINE DATA SERVICES LLC., | |
| | **DEMAND FOR JURY TRIAL** |
| Defendant, | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff FELICIA BANKS ("Plaintiff"), by and through her attorneys, JAFFER LAW, PLLC, and files this *Complaint* against Defendant GENUINE DATA SERVICES LLC. ("Genuine Data"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.,* the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2.     The Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3.     Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Plaintiff resides here and the Defendant regularly conducts business

in this district.

## PARTIES AND SERVICE

**Plaintiff Felicia Banks**

4.      Plaintiff is a resident of Fulton County, Georgia.

5.      At all times material hereto, Plaintiff is a "Consumer," as defined under the FCRA 15 U.S.C. § 1681a(c).

**Defendant Genuine Data Services LLC.**

6.      Defendant Genuine Data is a "Consumer Reporting Agency" as defined by the FCRA 15 U.S.C. § 1681a(f). Defendant Genuine Data conducts substantial and regular business activities in this district. Defendant Genuine Data may be served with process upon LEGALINC CORPORATE SERVICES INC., its registered agent for service of process, at 10601 Clarence Drive, Suite 250, Frisco, Texas 75033.

7.      At all times material hereto, Defendant Genuine Data is a Consumer Reporting Agency that regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports to third parties as said term is defined under the FCRA 15 U.S.C. §.

8.      Among other things, Defendant Genuine Data sells consumer background checks to property managers of dwellings and apartments for the use of deciding whether to offer tenancy to prospective tenants or to take adverse action such as rejection of consumer applications for housing. These reports are provided in connection with a business transaction initiated by the property manager.

## FACTUAL ALLEGATIONS

9.      Before May 5, 2025, the Plaintiff applied for housing through North and Line for a house

located at 385 North Angier Ave NE, Atlanta, Georgia 30308(the "House").

10.     The Plaintiff was offered tenancy at the House contingent on the Plaintiff passing a background check from by On-Site.

11.     On May 5, 2025, On-Site published its background check report on Plaintiff to the House (the "Report").

12.     In said Report, On-Site falsely and erroneously published that the Plaintiff had a criminal record that was obtained from Defendant Genuine.

13.     The criminal record that was furnished by Defendant Genuine Data states that the Plaintiff was charged with a misdemeanor in Gwinnett County for unlawful conduct during a 911 call by using obscene/vulgar/obscene language to intimidate/harass 911.

14.     The criminal record furnished by Defendant Genuine Data does not belong to the Plaintiff, while having the same name and birth year, but she has a different driver's license number.

15.     In a document provided by the Fulton County Sheriff's Office, the Sheriff's Office states that the Plaintiff does not have a criminal record in the state of Georgia.

16.     On May 5, 2025, the House rescinded its offer of tenancy to the Plaintiff exclusively due to the false or erroneous publication of the criminal record on the Report.

17.     Defendant Genuine Data falsely and erroneously furnished an inaccurate criminal record to the Plaintiff's Report.

18.     As a result of the inaccurate information relating to the criminal record on the Plaintiff's Report, Plaintiff was denied housing and will continue to be harmed and injured by Defendant Genuine Data's erroneous and inaccurate reporting.

19.     Due to Defendant Genuine Data's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from housing

denials, exasperation of time to fix the erroneous Report published by Genuine Data, loss of time trying to remedy the report, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

20.     Defendant Genuine Data willfully or negligently failed to comply with its obligations under the FCRA, 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant Genuine Data**

21.     Plaintiff re-alleges and incorporates by reference all the allegations outlined in the preceding paragraphs as if fully stated at length herein.

22.     This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 *et seq.*

23.     Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

      a.  The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

      b.  The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

      c.  The failure to take adequate steps to verify the information the Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

24.     As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to establish to the prospective landlord that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the criminal records and provide them

to the prospective landlord; damage to her reputation; loss of sleep; psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

25.    Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court according to 15 U.S.C. § 1681o.

26.    Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court according to 15 U.S.C. § 1681o.

**SECOND CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant Genuine Data**

27.    Plaintiff re-alleges and incorporates by reference all the allegations outlined in the preceding paragraphs as if fully stated at length herein.

28.    This is an action for willful violation of the FCRA, 15 U.S.C. § 1681 *et seq.*

29.    Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

    a.    The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

    b.    The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

    c.    The failure to take adequate steps to verify the information the Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

30.     As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to establish to the prospective landlord that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the criminal records and provide them to the prospective landlord; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

31.     Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court according to 15 U.S.C. § 1681n.

32.     Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court according to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

33.     Plaintiff requests a trial by jury on all issues and counts so triable, according to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and a c c o r d i n g   t o   15 U.S.C. § 1681o(a) from Defendant;

2. Awarding Plaintiff statutory damages provided for in 15 U.S.C. § 1681n(a) from Defendant;

3. Awarding Plaintiff punitive damages, provided and according to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and according to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** June 30, 2025                                    Respectfully submitted,


                                                            JAFFER LAW PLLC
                                                            /s/ *Shawn Jaffer*
                                                            **Shawn Jaffer**
                                                            GA Bar No 156625
                                                            14335 Cogburn Rd.
                                                            Alpharetta, GA 30004
                                                            Tel:    (214) 495-0000
                                                            Fax:    (469) 669-0786
                                                            Email: shawn@jaffer.law
                                                            *Attorneys for Plaintiff*